# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

SANDRA HANNAN

Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC. and
TOTAL RENAL CARE INC.

Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff SANDRA HANNAN, by and through her counsel, hereby submits her Complaint against Defendants DAVITA HEALTHCARE PARTNERS, INC. and TOTAL RENAL CARE INC. (hereinafter referred to as "Defendants"), and hereby states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1. Defendants are a Fortune 500 Company that provides a variety of health care services to patients thought the United States and abroad. Defendants specialize in dialysis services for patients with chronic kidney failure and end stage renal disease.

2. Plaintiff is a non-exempt hourly employee of Defendants. Plaintiff is located within a geographic area designated and defined by Defendants as encompassing the states of Montana, Kansas, Missouri and parts of Wyoming, Utah, Colorado,

Nebraska, Oklahoma, Iowa, Illinois, Arkansas, and Texas, and are collectively referred to by Defendants as "Apex."

3. Plaintiff is subjected to an illegal policy and practice of failing to pay workers for all time worked and failing to pay overtime wages.

4. More specifically, during the time period applicable to these claims, which is 2014 to 2017, Plaintiff routinely worked for the benefit of Defendants, in excess of forty hours per workweek, without being paid overtime premium at one and one-half times her regular rate of pay and/or for all hours worked as required under the FLSA and Colorado law.

5. During the time period applicable to these claims, Plaintiff was allotted an amount of time to perform her job duties by Defendants but was unable to complete her job duties within the allotted time.

6. During the time period applicable to these claims, this institutional pay policy and/or practice was established, controlled, and implemented by Defendants in its clinics throughout the "Apex" Region and United States.

7. Plaintiff was required to perform work for Defendants' regardless of how much time it took.

8. The Teammate Policies governed overtime pay and provided that employees eligible for overtime pay would be paid one and one-half times his or her regular rate of pay for hours worked in excess of 40 in any workweek.

9. The Teammate Policies required that all overtime be authorized in advance by an employee's supervisor, and employees who worked unauthorized overtime were subject to disciplinary action including termination.

10. Plaintiff was not able to get authorization in advance for working overtime and was dissuaded from reporting overtime worked because of the possibility of disciplinary action, including termination.

11. The Teammate Policies also provide for 30-minute unpaid meal periods.

12. However, if the employee needs to work during a meal period, then the meal period is considered time worked and the employee is to be paid accordingly.

13. The number of hours allocated per shift and the work expected to be accomplished per a shift are determined and set by Corporate DaVita.

14. Defendants allocate a certain number of hours per employee shift, but employees are unable to complete their work within the pre-established time budgeted and are not compensated for time worked before and after their shifts. Defendants also fail to pay for time worked during lunch breaks.

15. These centralized pay policies and/or practices are based on centralized guidance and compliance reports from corporate DaVita which are used in all DaVita clinics throughout Apex and the United States to determine and limit the cost of labor including, but not limited to: Patient to Staff Ratios, Anaplan tracking of labor performance, Direct Patient Care budgets, Labor Forecasts Summaries, LEAD Reports for all clinics, monthly and yearly Labor Deep Dive reports, including reports on budget performance, labor, and overtime, for all clinics, chronic daytime labor reports for all clinics, Maestro scheduling for all clinics, People Net and Snappy documentation used by Deep Dive to arrive at labor hours for all clinics, open/close packets for all clinics, and Roll Ups of all labor hours for all clinics.

16. As an example, over the past three (3) years while employed by the Defendants, during most workweeks the Plaintiff would work on average 0.197 hours of overtime per shift for which she was not paid. Additionally, during most workweeks the Plaintiff would have 15% of her meal breaks interrupted.

17. On June 7, 2017 Plaintiff submitted her consent to join Case No. 15-cv-01964-MSK-NYW as a party plaintiff.

18. On February 4, 2019, the Court decertified the conditionally certified collective in Case No. 15-cv-01964-MSK-NYW, Doc. 221.

19. Accordingly, this cause of action is brought individually pursuant to federal and state law to recover from Defendants unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, compensatory damages, punitive damages, costs and attorneys' fees and pre- and post-judgment interest associated with the bringing of this action, plus any additional relief that is just and proper.

## JURISDICTION AND VENUE

20. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

21. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

22. Subject Matter Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendants were/are an enterprise engaged in interstate commerce or in the

production of goods for consumers as defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

23. Alternatively, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

24. This Court also has jurisdiction over Plaintiff SANDRA HANNAN's claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy and arise out of the common nucleus of operative facts.

25. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(a).

## COVERAGE PURSUANT TO THE FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

27. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA because she was an individual employed by an employer.

28. At all times material hereto, Plaintiff SANDRA HANNAN was an hourly employee working in excess of forty hours per workweek and eligible for overtime pay.

29. At all times material hereto, Defendants were an "employer" within the meaning of FLSA because Defendants acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). *See Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

30. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29

U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961).

31. At all times material hereto, Defendants were/are an employer because Defendants had the ability to do the following with respect to Plaintiff: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

32. Also, at all times material hereto, Defendants were/are an employer because Defendants held exclusive operational control over Plaintiff, were solely responsible for the day-to-day operations, *and* had direct responsibility for the supervision of Plaintiff.

33. At all times material hereto, Defendants employed two (2) or more employees.

34. At all times material hereto, Defendants were, and continue to be an "enterprise engaged in commerce" within the meaning of FLSA.

35. The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000…." 29 U.S.C. § 203(s)(1).

36. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

37. At all times material hereto, Defendants gross annual revenue was in excess of $500,000 per annum during the relevant time periods.

38. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

39. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiff, at all times material hereto, Plaintiff was non-exempt.

40. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of she Consent, because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

## **COVERAGE PURSUANT TO THE COLORADO WAGE ACT AND COLORADO MINIMUM WAGE ORDERS**

41. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

42. Defendant was, at all times during the applicable relevant periods in this Complaint, covered by the Colorado Wage Act and each Colorado Minimum Wage Order applicable to the respective years within the applicable relevant periods as an employer.   Colo. Rev. Stat. § 8-4-106.

43. Defendant was, at all times during the applicable relevant periods in this Complaint, covered by the Colorado Wage Act and each Colorado Minimum

Wage Order applicable to the respective years within the applicable relevant periods, as business within the retail and service industry and/or health and medical industry as that term is define therein. 7 Colo. Code Regs. § 1103-1:1.

44. Plaintiff was Defendants' employee as that term is defined by the Colorado Wage Act and each Colorado Minimum Wage Order because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor services would be performed. Colo. Rev. Stat. § 8-4- 105(5).

45. The Colorado Wage Act combined with the relevant Wage Order, requires that employees "be paid time and one-half of the regular rate of pay for any work in excess of: (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday." 7 Colo, Code Regs. § 1103-1:4.

46. Also, the Colorado Wage Act requires employers to pay all wages owed (i) to current employees within one month of the date on which the wages were earned, *see* Colo. Rev. Stat. § 8-4-103(1)(a) and (ii) to former employees immediately upon the date of discharge, *see id.* at § 8-4-109.

47. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding, because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by Colorado law.

## PARTIES

48. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

49. At all times pertinent hereto, individual Plaintiff SANDRA HANNAN resided in the State of Colorado.

50. At all times material hereto, individual Plaintiff SANDRA HANNAN worked in excess of forty hours per workweek as a non-exempt hourly employee for Defendants.

51. Plaintiff worked for Defendants from June 2014 to June 2015.

52. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendants.

53. While employed by Defendants, Plaintiff held the job title of Registered Nurse.

54. While employed by Defendants, Plaintiff worked at the Lakewood clinic.

55. Upon information and belief, Defendant DAVITA HEALTHCARE PARTNERS, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

56. Upon information and belief, Defendants TOTAL RENAL CARE, INC. is a Colorado incorporated company organized under the laws of Colorado doing business at 2000 16th Street Denver, CO 80202.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act of 1938**

57. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

58. At all times material herein, Plaintiff, individually, is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

59. The FLSA regulates, among other things, payment of overtime pay by employers such as the Defendants.

60. Defendants violated the FLSA by failing to pay Plaintiff for all of her time worked, including overtime.
61. During the time period applicable to these claims, Plaintiff routinely worked in excess of forty hours per workweek without being paid overtime premium at one and one-half times her regular rate of pay as required under the FLSA as a Registered Nurse.
62. More specifically, during the relevant time period, between June 7, 2014 through June 2015, Plaintiff routinely worked in excess of forty hours per workweek without being paid overtime premium at one and one-half times her regular rate of pay as required under the FLSA.
63. For example, during the relevant three-year time frame, Plaintiff would work an average of 0.197 hours of overtime per shift for which she was not paid. Additionally, during most workweeks the Plaintiff had 15% of her meal breaks interrupted.
64. During the time period applicable to these claims, Plaintiff was allotted an amount of time to perform her job duties by corporate DaVita but was unable to complete her job duties within the allotted time.
65. During the time period applicable to these claims, this institutional pay policy and/or practice was established, controlled, and implemented by Defendants.
66. Plaintiff was required to perform her work for DaVita regardless of how much time it takes.
67. Defendants allocate a certain number of hours per employee shift, but employees are unable to complete their work within the pre-established time

budgeted and are not compensated for time worked before and after their shifts. Defendants also fail to pay for time worked during lunch breaks.

68. Plaintiff was unable to complete her work within the pre-established time Defendants budgeted and was not compensated for time worked before and after her shift(s). Defendants also failed to pay Plaintiff for time worked during lunch breaks.

69. These centralized pay policies and/or practices are based on centralized guidance and compliance reports from corporate DaVita which Defendants' patient to staff ratios, Anaplan tracking of labor performance, Direct Patient Care budgets, labor forecasts summaries, labor budgets for each clinic, LEAD reports for all clinics, monthly and yearly labor Deep Dive reports, including reports on budget performance, labor, and overtime, for all clinics, chronic daytime labor reports for all clinics, Maestro scheduling for all clinics, People Net and Snappy documentation used by Deep Dive to arrive at labor hours for all clinics, open/close packets for all clinics, and Roll Ups of all labor hours for all clinics.

70. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff. Accordingly, Plaintiff must be paid overtime pay in accordance with the FLSA.

71. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of her Consent because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

72. As a result of the aforesaid willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF
### Violation of the Colorado Wage and Hour Laws

73. Plaintiff incorporates herein by this reference the allegations contained in this Complaint as if set forth *verbatim*.

74. Defendants violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq.*

75. Defendants are required under Colorado law to pay Plaintiff individually for time that she worked for the benefit of Defendants. 7 Colo. Code Regs. § 1103-1:2; 7 Colo. Code Regs. § 1103-1:7.

76. Defendants are required under Colorado law to pay Plaintiff individually for unpaid wages and overtime work as well as unpaid work prior to, at the conclusion of, and on weekends. 7 Colo. Code Regs. § 1103-1:4.

77. Plaintiff is entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years during the relevant time period.

78. As a result of the aforesaid willful violations of Colorado law, overtime compensation has been unlawfully withheld by Defendants from Plaintiff for which Defendants are liable, together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiff demands judgment against Defendants, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and for all other appropriate relief requested herein and available pursuant to federal law.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

DATED: February 14, 2019

                                   Respectfully submitted,

                                   RAMOS LAW

                                   */s/ Colleen T. Calandra*
                                   Colleen T. Calandra

                                   */s/ Rebekah Stern*
                                   Rebekah Stern

                                   3000 Youngfield Street
                                   Wheat Ridge, CO 80215
                                   Telephone: (303) 733-6353
                                   Fax Number: (303) 865-5666
                                   Email: colleen@ramoslaw.com
                                              rebekah@ramoslaw.com

                                   Wilcox Law Firm, LLC

                                   */s/ Ronald L. Wilcox*
                                   Ronald L. Wilcox
                                   383 Corona Street, #401
                                   Denver, CO 80218
                                   Telephone: (303) 594-6720
                                   Email: ron@wilcox.legal

                                   *ATTORNEYS FOR PLAINTIFF*